# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LEWIS CLAY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:02-CR-380-CC-JSA-3 |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:12-CV-1231-CC-JSA |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Lewis Clay has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentence, which was imposed on May 2, 2003. Movant's motions to supplement the reply [Docs. 225, 228] are hereby **GRANTED**, and this Court will consider the supplements in its analysis.

I.    <u>Procedural History</u>

Movant was convicted by a jury in the Northern District of Georgia on February 13, 2003, of two counts of possession with the intent to distribute at least 50 grams of crack cocaine under 21 U.S.C. § 841. (Doc. 92). Prior to trial, the Government filed an Information alleging Movant's previous convictions for the purpose of enhancing his sentence under 21 U.S.C. §§ 841(b) and 851. (Doc. 79).

On May 1, 2003, the Court sentenced Movant to a term of life imprisonment. (Doc. 113). At the sentencing hearing, Movant's attorney advised the Court that Movant had a pending state habeas corpus petition challenging the convictions underlying Movant's enhanced sentence. (Doc. 204, Exh. C). On December 30, 2003, the Eleventh Circuit affirmed Movant's convictions and sentences. (Doc. 128). The United States Supreme Court denied certiorari on October 4, 2004. *Clay v. United States*, 543 U.S. 913 (2004).

On January 24, 2005, Movant filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 in this Court. (Doc. 134). In the § 2255 motion, Movant raised the following issues:

(1) he received ineffective assistance of trial counsel because counsel:

    (a) failed to move for or discover amounts paid to the confidential informant;

    (b) failed to procure an expert witness to analyze the Government's narcotics evidence;

    (c) failed to support an entrapment defense or properly advise Movant about such a defense;

    (d) failed to investigate, interview, or call witnesses to challenge Government witness testimony;

2

> > (e) failed to object to prosecutorial misconduct during closing arguments;
> >
> > (f) abandoned Movant during post-verdict and sentencing proceedings;
> >
> > (g) failed to object to hearsay and extraneous evidence that was unduly prejudicial to Movant; and
> >
> > (h) failed to object to the sentence enhancement based on factors not presented to the jury;
>
> (2) he received ineffective assistance of appellate counsel because appellate counsel failed to brief and present on appeal the district court's summary denial of Movant's *pro se* motions;
>
> (3) the prosecution withheld favorable evidence; and
>
> (4) he received ineffective assistance of trial and appellate counsel because both counsel failed to challenge Movant's sentence based on the definition of "crack cocaine."

(Doc. 134). On July 17, 2005, U.S. District Judge Beverly B. Martin denied Movant's § 2255 motion [Doc. 148], and the Eleventh Circuit dismissed his appeal on August 22, 2006, because he failed to pay the filing fees. (Doc. 182).

In the interim, on July 17, 2006, the state habeas court vacated the state court convictions that were used to enhance Movant's federal sentence. (Doc. 204, Exh. A). On August 31, 2006, through new counsel, Movant filed a "Motion for Hearing and to Reopen Case as to Sentence Only" in which he sought to be re-

sentenced based upon the vacatur of those state court convictions. (Doc. 183). On September 21, 2006, Movant's counsel withdrew the motion. (Doc. 186).[1]

On May 25, 2007, Movant filed a *pro se* Rule 60(b) motion, in which he again asked to be re-sentenced because his state court convictions were vacated. (Doc. 187). On January 10, 2008, Judge Martin construed this Rule 60(b) motion as a second § 2255 and dismissed it as successive. (Doc. 188). Movant's appeal was dismissed by the Eleventh Circuit on April 16, 2008, because Movant failed to pay the docketing and filing fees. (Doc. 198).

Meanwhile, on March 27, 2008, Movant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706, 709, and 711 to the Sentencing Guidelines.[2] (Doc. 195). In that same motion, Movant also

---

[1] It is unclear from the record why the motion was withdrawn.

[2] 18 U.S.C. § 3582(c)(2) provides that a defendant may move for a sentence reduction when his sentencing range subsequently has been lowered by the Sentencing Commission. Among other revisions, Amendments 706 and 711 of the United States Sentencing Guidelines reduced sentencing recommendations for crack-cocaine offenders. *See United States v. Clark*, No. 12-10579, 2012 WL 3104252 (11th Cir. Aug. 1, 2012) (stating that Amendment 706 lowered the base offense levels applicable to crack cocaine offenses); *accord United States v. Roberson*, No. 09-13481, 2010 WL 227587, at *1 (11th Cir. Jan. 22, 2010). Amendment 709 changes the way multiple prior sentences should be counted when calculating a defendant's criminal history. *See United States v. Jacob*, 311 F. App'x 232, 234 (11th Cir. 2009).

4

requested again that he be re-sentenced because the state court convictions used to enhance his sentence were invalidated. (Doc. 195). On May 5, 2008, Judge Martin denied the motion and noted in a footnote that although Movant's prior convictions had been vacated, he could not challenge them in federal court under 21 U.S.C. § 851(e) since they occurred more than five years before the information was filed.[3] (Doc. 200 at 2, n.1).

Subsequently, the Eleventh Circuit decided *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011). In *Stewart*, the Eleventh Circuit held that a § 2255 motion challenging an enhanced federal sentence after the state convictions used to enhance that sentence were vacated will not be considered "second or successive" under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Stewart*, 646 F.3d at 865. Thus, Movant filed a habeas corpus petition in this Court under 28 U.S.C. § 2241 on December 6, 2011, and this § 2255 motion on March 4, 2012, and the two cases were consolidated on July 23,

---

[3] 21 U.S.C. § 851(e) provides that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." As the undersigned recommends dismissing the motion as untimely, it is unnecessary to analyze § 851(e) and its potential implications in this case.

5

2012.[4] (Doc. 204); *see Clay v. United States*, Civil Action No. 1:11-CV-4308-MHS.

According to Movant, in light of *Stewart*, this Court should reconsider Judge Martin's 2008 dismissal of his Rule 60(b) motion as a successive § 2255 and that he should be re-sentenced without enhancement for his vacated state court convictions. The Government argues that Movant cannot bring his claim because: (1) the decision in *Stewart* does not apply to § 851 cases; (2) the motion is successive and untimely; and (3) the limitation period is not subject to equitable tolling.[5] (Doc. 220).

For the following reasons, the undersigned recommends that the instant Motion to Vacate be **DENIED**.

---

[4] Under the federal "mailbox rule," both a *pro se* federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing (*i.e.*, signed). *See Taylor v. Williams*, 528 F.3d 847, 849 n.3 (11th Cir. 2008); *See Rodriguez v. United States*, 279 F. App'x 753, 753 (11th Cir. 2008).

[5] The Government also argues that Movant cannot bring his claims under § 2241. (Doc. 220 at 15-16). In the § 2241 action, however, the district court adopted U.S. Magistrate Judge Russell G. Vineyard's recommendation to consolidate that action with this case after Judge Vineyard found that Movant's claims were not cognizable under § 2241. *See Clay*, Civil Action No. 1:11-CV-4308 at Doc. 12. As such, this issue already has been decided in the Government's favor.

AO 72A
(Rev.8/82)

## II. Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

7

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

III. <u>The Motion to Vacate Must Be Dismissed As Untimely</u>

*Stewart* arguably relieves Movant from the AEDPA's bar against "second or successive" petitions, and throws into question whether the district court correctly denied Movant's Rule 60(b) motion on that ground in January 2008. This new precedent, however, does not relieve Movant from his separate obligation to comply with the AEDPA's strict one-year statute of limitations. Regardless of whether his petition is "second or successive," Movant here did not file this petition within this limitations period and so it must be dismissed.[6]

---

[6] The Government spends a significant amount of time distinguishing the facts of *Stewart* because Stewart's sentence was enhanced under the Armed Career Criminal Act ("ACCA") and arguing that its holding does not apply to sentences under § 851. Because the Court recommends dismissal of the instant motion on other grounds, it is unnecessary to address this argument. The Court notes, however, that a recent unpublished Eleventh Circuit opinion appears to reject the distinction the Government seeks to draw. *See Darville v. United States*, 447 F.

8

### 1. AEDPA's One Year Limitations Period

Under the AEDPA, federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the relevant event for the beginning of the limitation period is July 17, 2006, the date Movant's state convictions were vacated. *See Johnson v. United States*, 544 U.S. 295, 298 (2005) (where a movant collaterally attacks his federal

---

App'x 94, 96-97 (11th Cir. 2011) (finding that the holding in *Stewart* would apply to a second chronological § 2255 by a movant whose sentence was enhanced under § 851 and the state court subsequently vacated his predicate state court convictions).

9

sentence on the grounds that his underlying state convictions have been vacated, the one-year limitation period begins to run when the movant receives notice of the order of vacatur if he sought the vacatur with due diligence). Absent tolling, therefore, the one-year period expired on July 17, 2007.

All that is before the Court is the consolidated Petition that Movant filed in December 2011.[7] This is more than four years after the one-year limitations period expired. Thus, Movant presents two arguments for why the instant motion is timely despite this four year delay: he argues (1) that the instant motion should "relate back" to or be construed as a motion to reconsider the earlier, unsuccessful challenges he lodged to the enhancement of his sentence back in 2006 and 2007, which were filed within the AEDPA's one-year deadline; and, alternatively (2) that the Court should apply the equitable tolling doctrine to deem the instant motions timely. These arguments both fail.

2. The Instant Petitions Cannot Relate Back To The Earlier Denied Motions

Movant argues that this action can be construed as a motion for reconsideration of Judge Martin's 2008 dismissal of his Rule 60(b) motion as a

---

[7] The Court will use the date that Movant filed his § 2241 petition, since it was filed first and subsequently was consolidated with this case

successive § 2255, and that, based on the intervening law in *Stewart*, it should relate back to the date Movant timely filed that Rule 60(b) motion. Any motion for reconsideration is untimely, however, because Local Rule 7.2E requires that they be filed within 28 days after the entry of the order. L.R. 7.2E (N.D. Ga). Additionally, while Rule 15(c) of the Federal Rules of Civil Procedure allows an amendment to "relate back" to the date of the original pleading if it "asserts a claim . . . that arose out of the same conduct, transaction, or occurrence set out . . . in the original pleading," a § 2255 motion "can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment application." *United States v. Hames*, 431 F. App'x 846, 847 (11th Cir. 2011); *Jacob v. Tempur-Pedic, Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010).

Movant's remedy to seek review of the denial of his motion was not to wait four years to seek reconsideration. Rather, his remedy was direct appeal. Here, Movant filed an appeal, but the Court of Appeals dismssed the appeal because of Movant's neglect. (Doc. 198). Movant cannot now, years later, seek to revive his defaulted challenge to the 2008 order in the form of a motion to "reconsider."[8]

---

[8] Although Movant does not invoke this rule, the Court notes that Fed.R.Civ.P. 60(b)(6) authorizes relief from judgment based on "any other reason that justifies relief" raised "within a reasonable time . . . after the entry of the

11

Because this Court has no authority to "relate back" the instant pleading to Movant's original Rule 60(b) motion, the instant § 2255 motion, absent tolling, is untimely.

B.  Equitable Tolling Does Not Save the Motion.

The one-year limitation period contained in § 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (June 14, 2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

judgment or order." *See* Fed.R.Civ.P. 60(c)(1). A motion pursuant to Rule 60(b)(6) must "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Ramsey v. Walker*, 304 F. App'x 827, 828 (11th Cir. 2008); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000).

This rule is unavailable here. Movant filed this action nearly four years after the order he is challenging, and nearly four months after the Eleventh Circuit issued *Stewart*. This delay is not reasonable, especially given that Movant had the chance to challenge the 2008 order on direct appeal, but defaulted. Moreover, no extraordinary circumstances warrant Rule 60(b)(6) relief. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005) (noting that even assuming that the law actually changed, a change of law is "hardly extraordinary"); *accord Ramsey*, 304 F. App'x at 829; *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987). It is again relevant that the Movant failed to diligently prosecute his direct appeal in 2008. Had he done so, the Eleventh Circuit may have ruled in his favor and issued the ruling it later issued in *Stewart* years earlier. That Movant neglected to pursue this appeal and thus must rely on a case decided years later involving a different statute does not present extraordinary circumstances warranting relief.

12

circumstance stood in his way and prevented timely filing. *Id.* at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271, 1271 (11th Cir. 1999). "Equitable tolling is an extraordinary remedy that is typically applied sparingly[.] . . ." *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004). The focus of the inquiry regarding "extraordinary circumstances" is "on the circumstances surrounding the late filing of the habeas petition" and not on "the circumstances surrounding the underlying conviction." *Helton v. Secretary for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (per curiam).

As noted, the limitation period here began on July 17, 2006. Movant acted diligently at first by filing his "Motion for Hearing and to Reopen Case as to Sentence Only" 45 days later on August 31, 2006. However, he then withdrew the motion on September 21, 2006, and let 242 more days pass before he filed his Rule 60(b) motion on May 21, 2007 (Doc. 188). Thus, although this motion was timely, it was only barely so; even without counting the time that elapsed while his first motion was pending, only 78 days remained in the one-year limitations period. Petitioner presents no facts to suggest that the 297 days that elapsed from when his

13

state convictions were vacated to when he filed his Rule 60(b) Motion (Doc. 188) should be tolled.

The question is whether Movant is responsible for all the time that has elapsed since the filing of his 2007 Rule 60(b) motion. The district court denied that motion as second or successive. (Doc. 188). Movant did not raise this issue again before the district court until 2011. But he had no reason to. Until *Stewart*, which threw into question whether the dismissal of the Rule 60(b) motion for being "second or successive" was correctly decided, Movant had no basis to believe a new § 2255 petition on these same grounds would be entertained. Movant thus has a colorable ground to seek tolling of the AEDPA's limitations period from the filing of his Rule 60(b) motion in 2007 until the Eleventh Circuit issued *Stewart*.

Even assuming tolling applies, however, Movant's position fails. Equitable tolling does not restart the limitation period; rather, "it permits deferral of suit until the tolling event ceases and requires diligent action thereafter." *Prime Eagle Group Ltd. v. Steel Dynamics, Inc.*, 614 F.3d 375, 379 (7th Cir. 2010) (citing *Pace*, 544 U.S. at 418-19). Even if the entire period was tolled from when he filed his Rule 60(b) Motion on May 21, 2007 until the Eleventh Circuit decided *Stewart* on

14

July 14, 2011, Movant still had only 78 days to file his § 2255 motion.[9] But Movant waited almost twice that long—145 days—to file the first of the instant Petition in December 2011. Thus, even with equitable tolling, this action should be dismissed as untimely.

Moreover, Movant is not entitled to equitable tolling because he did not act diligently. Movant was able to seek reversal of the denial of the Rule 60(b) motion on direct appeal, and in fact filed an appeal. But Movant neglected to pay the fees and costs and the appeal was dismissed. (Doc. 198). Thus, he never gave the Court of Appeals the opportunity to consider whether his motion was subject to the "second or successive" bar. Had he done so, the Eleventh Circuit may have ruled in his favor years ago, even before *Stewart*. It was Movant's own lack of diligence, therefore, that stood in the way of earlier consideration of his application, and not some externally-imposed, extraordinary restraint.

IV.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Lewis Clay's motion to vacate sentence [Doc. 204] be **DENIED**.

---

[9] This calculation also assumes that Movant would be entitled to statutory tolling during the time that he filed his initial motions.

15

**IT IS ORDERED** that Movant's motion to appoint counsel [Docs. 206, 224] and motion to compel Respondent to reply [Doc. 218] are **DENIED AS MOOT**.

V.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*,

16

568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 14th day of November, 2012.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

17