## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LEWIS CLAY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:02-CR-380-CC-JSA-3 |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:12-CV-1231-CC-JSA |

## **O R D E R**

The matter is before the Court on the Magistrate Judge's non-final Report and Recommendation ("R&R") [Doc. 229], Movant's objections thereto [Doc. 231], Movant's motion to supplement his reply [Doc. 228]; Movant's motion for judicial notice, leave to amend, and to supplement the record [Doc. 232], Movant's motions for leave to file supplemental pleadings [Docs. 233, 234, 235]; and Movant's motion to inquire as to the status of previously filed motions [Doc. 240]. The Court reviews *de novo* the portions of the R&R to which Movant has objected and reviews for plain error the remaining portions. *See* 28 U.S.C. § 636(b)(1); Fed. Civ. P. 72(b)(3); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

I.  Discussion

First, to the extent that Movant's motion for judicial notice, leave to amend, and supplement the record [Doc. 232] as well as his motions to supplement the pleadings [Docs. 233, 234, 235] essentially seek to add more argument to his objections, they all are **GRANTED**.  This Court shall consider the arguments contained in those pleadings in its analysis.

A.  Procedural History

The Court adopts and incorporates the Magistrate Judge's following discussion of the procedural history of this case:

> Movant was convicted by a jury in the Northern District of Georgia on February 13, 2003, of two counts of possession with the intent to distribute at least 50 grams of crack cocaine under 21 U.S.C. § 841. (Doc. 92).  Prior to trial, the Government filed an Information alleging Movant's previous convictions for the purpose of enhancing his sentence under 21 U.S.C. §§ 841(b) and 851.  (Doc. 79). On May 1, 2003, Movant was sentenced to a total term of life imprisonment. (Doc. 113).  At the sentencing hearing, Movant's attorney advised the Court that Movant had a pending state habeas corpus petition challenging the convictions underlying Movant's enhanced sentence. (Doc. 204, Exh. C).  On December 30, 2003, the Eleventh Circuit affirmed Movant's convictions and sentences.  (Doc. 128).  The United States Supreme Court denied certiorari on October 4, 2004. *Clay v. United States*, 543 U.S. 913 (2004).
>
> On January 24, 2005, Movant filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 in this Court.  (Doc. 134).

2

\* \* \*

(Doc. 134). On July 17, 2005, U.S. District Judge Beverly B. Martin denied Movant's § 2255 motion [Doc. 148], and the Eleventh Circuit dismissed his appeal on August 22, 2006, because he failed to pay the filing fees. (Doc. 182).

In the interim, on July 17, 2006, the state habeas court vacated the state court convictions that were used to enhance Movant's federal sentence. (Doc. 204, Exh. A). On August 31, 2006, through new counsel, Movant filed a "Motion for Hearing and to Reopen Case as to Sentence Only" in which he sought to be re-sentenced based upon the vacatur of those state court convictions. (Doc. 183). On September 21, 2006, Movant's counsel withdrew the motion. (Doc. 186).

On May 25, 2007, Movant filed a *pro se* Rule 60(b) motion, in which he again asked to be re-sentenced because his state court convictions were vacated. (Doc. 187). On January 10, 2008, Judge Martin construed this Rule 60(b) motion as a second § 2255 and dismissed it as successive. (Doc. 188). Movant's appeal was dismissed by the Eleventh Circuit on April 16, 2008, because Movant failed to pay the docketing and filing fees. (Doc. 198).

Meanwhile, on March 27, 2008, Movant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706, 709, and 711 to the Sentencing Guidelines. (Doc. 195). In that same motion, Movant also requested again that he be re-sentenced because the state court convictions used to enhance his sentence were invalidated. (Doc. 195). On May 5, 2008, Judge Martin denied the motion and noted in a footnote that although Movant's prior convictions had been vacated, he could not challenge them in federal court under 21 U.S.C. § 851(e) since they occurred more than five years before the information was filed. (Doc. 200 at 2, n.1).

3

> Movant filed a habeas corpus petition in this Court under 28 U.S.C. § 2241 on December 6, 2011, he subsequently filed this § 2255 motion on March 4, 2012, and the cases were consolidated on July 23, 2012. (Doc. 204); *see Clay v. United States*, Civil Action No. 1:11-CV-4308-MHS. Movant claims he is entitled to relief based on the recent Eleventh Circuit decision in *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011). In *Stewart*, the Eleventh Circuit held that a § 2255 motion challenging an enhanced federal sentence after the state convictions used to enhance that sentence were vacated will not be considered "second or successive" under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Stewart*, 646 F.3d at 865.

(Doc. 229 at 1-6) (footnotes omitted).

The Magistrate Judge recommended that this Court deny Movant's § 2255 motion because: (1) the § 2255 motion is untimely; (2) it does not relate back to Movant's previous 2008 Rule 60(b) motion; and (3) Movant is not entitled to equitable tolling. (Doc. 229). Plaintiff objects to the Magistrate Judge's conclusions that: (1) the § 2255 motion was untimely; (2) Movant was not diligent to warrant equitable tolling because that conclusion did not take into consideration his conditions of confinement, including prison lock-downs and lack of access to the law library; (3) the instant § 2255 motion cannot relate back to Movant's original motion for reconsideration filed on December 3, 2012, and/or his Rule 60(b) motion back in 2008; and (4) even if equitable tolling applied, it only would

4

apply to the time from the date he filed his Rule 60(b) motion until the Eleventh Circuit decided *Stewart*, and the § 2255 motion still would be untimely. After close consideration, the Court finds that Plaintiff's objections are without merit.

B. The Eleventh Circuit's Recent Unpublished Decision in *Bazemore v. United States* Provides Guidance That The Magistrate Judge's Recommendation Was Correct.

In an unpublished opinion, this week the Eleventh Circuit decided *Bazemore v. United States*, __ F. App'x __, 2014 WL 6865305 (11th Cir. Dec. 8, 2014), which is directly on point. The movant in *Bazemore* was sentenced in 1992 to life imprisonment plus sixty months for various drug charges and a gun charge. *Id.* at *1. He filed his first § 2255 motion in 1996, which eventually was denied. *Id.* Thereafter, in 2000 the Georgia Supreme Court vacated two of the convictions that enhanced the movant's federal sentence. *Id.* Within two months of, and based on, the vacatur, the movant filed another § 2255 and a Rule 60(b) motion in the sentencing court, and the district court dismissed the § 2255 motion as successive. *Id.*[1]  Between 2007 and 2011, the sentencing court denied several variously

---

[1] Although the Eleventh Circuit does not specifically say, it appears that the sentencing court also denied the Rule 60(b) motion.

5

captioned motions based on the same claims. *Id.* at *2. Three months after the Eleventh Circuit decided *Stewart*, the movant filed his third § 2255 motion, this time arguing that *Stewart* allowed him to challenge the vacatur of his sentences because the decision entitled him to a new limitation period. *Id.*

The Eleventh Circuit rejected the movant's claims and held that: (1) the petition was untimely because the movant had one year from the time he received notice that his state convictions had been vacated to file his § 2255 motion; (2) *Stewart* was neither a new fact that began a new limitation period under § 2255(f)(4) nor could be applied retroactively; and (3) despite the movant's diligence, the movant was not entitled to equitable tolling based upon *Stewart*. *Bazemore*, 2014 WL 6865305, at *4.[2] The Court is therefore not persuaded by Movant's objections to the Magistrate Judge's decision– based on an almost

---

[2] Importantly, the Eleventh Circuit found that the district court's decision to dismiss as successive the movant's second § 2255 motion was correct under the state of the law at the time, and "[t]hat the district court could not reach the same decision in *Stewart* does not entitle [the movant] to an additional period to file the same claim." *Bazemore*, 2014 WL 6865305, at *4.

6

identical set of facts as *Bazemore* – that the instant § 2255 motion is untimely and that Movant is not entitled to equitable tolling based on *Stewart*.[3]

## II. Conclusion

For the reasons set forth above, the Court **OVERRULES** Movant's objections [Docs. 231, 232, 233, 234, 235], **ADOPTS** the Magistrate Judge's Final Report and Recommendation [Doc. 229], **DENIES** the instant § 2255 motion to vacate [Doc.204], and **DISMISSES** the action in this Court.

---

[3] Although the Eleventh Circuit did not address the issue of whether the petition related back to the original petition in *Bazemore*, any such relation back would undermine the rationale that *Stewart* was not intended to be applied retroactively. Moreover, Movant has not shown that the Magistrate Judge's conclusion that Fed. R. Civ. P. 15 has "no post-judgment application" was incorrect. *See*, *e.g., United States v. Hames*, 431 F. App'x 846, 847 (11th Cir. 2011) ("Importantly, a motion under § 2255 can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment application."). Finally, Movant's challenge to the Magistrate Judge's decision that he was not diligent is irrelevant based on the persuasive authority in *Bazemore*, which held that equitable tolling under *Stewart* is not warranted *despite* diligence. Regardless, lock-downs and lack of access to the law library are not "extraordinary circumstances" to warrant equitable tolling. *See Williams v. United States*, __ F. App'x __, 2014 WL 6766158, at *1 (11th Cir. Dec. 2, 2014) ("lockdowns . . . are not extraordinary circumstances in which equitable tolling is appropriate") (quotation marks and citations omitted); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) ("[The petitioner's] . . . denial of access to . . . the law library did not constitute extraordinary circumstances.").

7

Movant's motions to supplement his reply [Docs. 225, 228] and motion to inquire as to the status of his previously filed motions [Doc. 240] are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 10 day of December, 2014.

                                        _s/ CLARENCE COOPER_____
                                        CLARENCE COOPER
                                        SENIOR UNITED STATES DISTRICT JUDGE